# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MONICAH OKOBA OPATI, et al.,

    Plaintiffs,

    v.

REPUBLIC OF SUDAN, et al.,

    Defendants.

Civil Action No. 12-1224 (JDB)

## MEMORANDUM OPINION & ORDER

Before the Court is [22] plaintiffs' motion for leave to file a second amended complaint and for an order permitting them to serve defendants under 28 U.S.C. § 1608(a)(4). Service has not yet been effected on defendants pursuant to § 1608. Upon consideration of plaintiffs' motions, applicable law, and the entire record herein, the Court will grant plaintiffs' motion for leave to file a second amended complaint and deny plaintiffs' motion for an order permitting them to serve defendants under § 1608(a)(4).

**I.**     **Plaintiffs' motion for leave to file a second amended complaint**

Plaintiffs' proposed amended complaint adds two additional plaintiffs who allegedly suffered physical injuries in the bombings at issue here. It also adds their immediate family members as plaintiffs, as well as additional family members of current plaintiffs. Overall, the proposed amended complaint adds nineteen plaintiffs. The proposed complaint also makes adjustments to cross-references. Because plaintiffs have already filed an amended complaint, they may amend again only with the defendant's consent or with the Court's leave. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." Id. Here, the plaintiffs seek only to add plaintiffs who have recently approached counsel. At this stage of the litigation,

1

before service has been effected on defendants under § 1608, permitting amendment would not unduly delay the case or unduly prejudice the defendants, and nothing indicates that adding these new plaintiffs would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). As a result, permitting plaintiffs to amend their complaint is in the interests of justice, and the Court will grant their motion for leave to amend.

II. **Plaintiffs' motion for an order permitting them to serve defendants under section 1608(a)(4)**

Plaintiffs also request an order relating to service on the defendants. Courts may exercise personal jurisdiction over a foreign state where the defendant is properly served in accordance with 28 U.S.C. § 1608. See 28 U.S.C. § 1330(b); TMR Energy Ltd. v. State Property Fund of Ukraine, 411 F.3d 296, 299 (D.C. Cir. 2005). "A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1); Estate of Doe v. Islamic Republic of Iran, 808 F. Supp. 2d 1, 12 (D.D.C. 2011). The Foreign Sovereign Immunities Act ("FSIA") prescribes four methods for serving legal process on a foreign state, in descending order of preference—meaning that a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on. See 28 U.S.C. § 1608(a). The preferred method of service is delivery of the summons and complaint "in accordance with any special arrangement for service between the plaintiff and the foreign state." Id. § 1608(a)(1). If, however, no such arrangement exists, then the statute permits delivery of the summons and complaint "in accordance with an applicable international convention on service of judicial documents." Id. § 1608(a)(2). If neither of the foregoing methods is available, then the plaintiff may send the summons, complaint, and a notice of suit (together with a translation of each into the official language of the foreign state) "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the

2

head of the ministry of foreign affairs of the foreign state concerned." Id. § 1608(a)(3). Finally, if mailed service cannot be accomplished within thirty days, then the statute permits the plaintiff to request that the clerk of the court dispatch two copies of the summons, complaint, and notice of suit (together with a translation of each into the foreign state's official language) to the Secretary of State, who then "shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." Id. § 1608(a)(4).

Because plaintiffs here have no "special arrangement" for service with either Sudan or Iran, and because neither country is a party to an "international convention on service of judicial documents," the preferred method of service is provided by section 1608(a)(3)—that is, any form of mail requiring a signed receipt. On August 6, 2013, plaintiffs requested that the Clerk of the Court effect service of the first amended complaint upon defendants pursuant to section 1608(a)(3), and the Clerk certified that she performed the requested mailing the next day. [ECF Nos. 8-15]. Each mailing was refused by the defendants, and the summonses returned unexecuted. [ECF Nos. 18-21]. Hence, Plaintiffs were unsuccessful in effecting service under section 1608(a)(3). The course prescribed by the statute is to move on to the next step: effecting service under section 1608(a)(4). Here, though, plaintiffs seek to amend their complaint between taking the steps prescribed in sections 1608(a)(3) and 1608(a)(4). Thus, instead of requesting that the Clerk transmit the same complaint,[1] summons, and notice of suit, each translated into the appropriate foreign language, to the U.S. Department of State for diplomatic service pursuant to section 1608(a)(4), plaintiffs ask this Court for permission to use the second amended complaint to effect service under section 1608(a)(4).

---

[1] Plaintiffs attempted to effect service under section 1608(a)(3) by transmitting their first amended complaint, as opposed to their initial complaint.

Plaintiffs thus request that—should the Court grant their motion for leave to amend—this Court "order that they be permitted to serve Defendants with the resulting Second Amended Complaint under 28 U.S.C § 1608(a)(4)," instead of first reattempting to serve defendants with the second amended complaint under section 1608(a)(3). But the statute does not contemplate such an order: in effect, plaintiffs seek an advisory opinion on how to properly fulfill the requirements of section 1608. Indeed, section 1608(a)(4) does not require an order to proceed from step three (attempting to serve defendants under section 1608(a)(3)), to step four (attempting service under section 1608(a)(4)). Instead, the statute provides a list of proper methods of service in descending order of preference, without any mention of judicial involvement. By contrast, section 1608(b)—setting out the requirements of process on "agenc[ies] or instrumentalit[ies] of a foreign state"—explicitly contemplates an order of the court directing proper service if service cannot be made under the equivalents of sections 1608(a)(1) and 1608(a)(2). See §§ 1608(b), 1608(b)(3)(C). But even there, the "order of the court" envisaged by the statute is to be "consistent with the law of the place where service is made." Put differently, even under the provision—inapplicable here—in which section 1608 does anticipate a court order, that order relates to foreign law, not to the application of section 1608 itself.

True, "[s]trict adherence to the terms of 1608(a) is required" in this Circuit. <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 30 F.3d 148, 154 (D.C. Cir. 1994). That does not mean that this Court may provide advice to plaintiffs on satisfying those terms. If plaintiffs' desired course is permissible under the statute, a prospective order from this Court would have no effect. If plaintiffs' desired course is impermissible under the statute, a prospective order from this Court would not transmogrify plaintiffs' actions into proper service under section 1608. That is because

"the FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country," and unless service of process has been made properly under section 1608, the Court will not have personal jurisdiction over the foreign state defendants here. Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 172 (D.D.C. 2006) (quoting Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989)). Plaintiffs must effect service under section 1608 by complying with its terms, and this Court may not prospectively opine as to whether plaintiffs' proposed course of action would meet those terms. Instead, plaintiffs are advised simply to adhere strictly to the terms of section 1608(a) in effecting service. See Transaero, 30 F.3d at 154. Hence, the Court will deny plaintiffs' motion to permit service under section 1608(a)(4).

For all these reasons, it is hereby

**ORDERED** that [22] plaintiffs' motion for leave to amend their complaint is **GRANTED**; it is further

**ORDERED** that [22-1] plaintiffs' second amended complaint is deemed **FILED**; and it is further

**ORDERED** that [22] plaintiffs' motion for an order permitting plaintiffs to serve defendants with [22-1] the second amended complaint under 28 U.S.C. § 1608(a)(4) is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: October 22, 2013