UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINFRED WAIRIMU WAMAI,<br>MILLY MIKALI AMDUSO,<br>MARY ONSONGO,<br>MONICAH OKOBA OPATI, et al.,<br><br>  Plaintiffs,<br><br>  - against-<br><br>REPUBLIC OF SUDAN, et al.,<br>  Defendants.<br>. | CIVIL ACTION NOs.: 08-1349<br>08-01361, 08-1380, 12-1224 (JDB) |

**PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF THIRD PARTY
TIC GUMS, INC. BY REMOTE MEANS PURSUANT TO FEDERAL RULES 69 AND
30(b)**

Pursuant to Federal Rules of Civil Procedure 69 and 30(b), Plaintiffs, the victims of the August 1998 Bombings of the U.S. Embassies in Nairobi, Kenya and Dar-es-Salaam, Tanzania, and Judgment Creditors of the Republic of Sudan and the Islamic Republic of Iran, now move to compel TIC Gums, Inc. ("TIC Gums") to make a representative available for deposition by remote means. Plaintiffs first served TIC Gums with a notice of Rule 30(b)(6) deposition in July 2019. The anticipated deposition was delayed repeatedly by TIC Gums between July 2019 and, more recently, by the commencement of the current COVID-19 pandemic. Under the Federal Rules, a deposition by "remote means" can be conducted where the parties "may stipulate" or "the court may on motion order" such deposition. Fed. R. Civ. P. 30(b)(4). Litigants are regularly utilizing those provisions during the current pandemic.

Given the extraordinary delays in conducting a deposition set initially almost one year ago, Plaintiffs have repeatedly sought to reach a compromise with TIC Gums to conduct a deposition of their designated representative remotely. Those repeated efforts have failed, and Plaintiffs are

now compelled to file this motion. Pursuant to Local Civil Rule 7(m), undersigned counsel attempted to confer with counsel for TIC Gums before the filing of this motion to narrow any areas of disagreement, but they failed to respond. For all the reasons below, the Court should enter an order requiring TIC Gums' representative to appear in person for deposition or do so remotely, on terms to be agreed to by the parties.

I.  **BACKGROUND**

Gum Arabic (also known as gum acacia) is a critical additive used as a binding agent in the international food and beverage industry. The Republic of Sudan is the world's largest gum Arabic producer - it exports to countries around the world, including the United States. The Government of Sudan held a decades-long monopoly over the export of gum Arabic. While the monopoly ended in the past decade, it remains a significant role in the industry today. TIC Gums is a Maryland-based importer of gum Arabic that has imported gum Arabic from Sudan for decades, including during the period of comprehensive sanctions against the Republic of Sudan between 1997 and 2017 under a license issued by the U.S. Department of the Treasury's Office of Foreign Assets Control.

On October 25, 2018, Plaintiffs served TIC Gums a subpoena for documents and information pursuant to Federal Rules of Civil Procedure 45 and 69(a)(2) to aid the execution of their judgments against Defendants. A copy of that subpoena is attached as Exhibit A to this Motion. Commencing in December 2018, TIC Gums made a series of productions of responsive documents to the Rule 69 subpoena.

To date, TIC Gums has yet to comply with a series of notice of deposition served on it pursuant to Rule 69 and Rule 30(b)(6) concerning the information produced and TIC Gums' dealings with the Republic of Sudan. Plaintiffs served the initial notice on TIC Gums on or about

July 3, 2019. (Exhibit B). A series of delays ensued based on the need to identify the correct representative, TIC Gums' counsel's schedule, and the movement of TIC Gums' counsel from one firm to another firm. Throughout that process, Plaintiffs sought to accommodate those issues and reset the depositions. When the current pandemic began in the United States in late February and early March, counsel for TIC Gums' expressed their unwillingness to appear for an in-person deposition. Seeking to accommodate that concern and given the already extraordinary delays, Plaintiffs tried to reach an agreement with TIC Gums to hold the deposition remotely.

Plaintiffs served a renewed Notice of Rule 30(b)(6) deposition for May 6th, 2020. (Exhibit C). In doing so, Plaintiffs also offered to conduct the deposition remotely and on a different date selected by TIC Gums. Repeated efforts to obtain an agreement from TIC Gums' failed. *See* (Exhibit D). TIC Gums failed to appear for the deposition scheduled on May 6th 2020. They did not respond to our messages to discuss setting an alternative date to conduct the deposition remotely. Since that date, Plaintiffs have reached out to TIC Gums' repeatedly to reach an agreement. Plaintiffs notified them by letter on May 18th 2020, and June 8th 2020, that they would need to seek court intervention if no agreement could be reached. *See* (Exhibit E). This motion now follows.

There is an urgency to Plaintiffs' request to depose TIC Gums. The company is a major participant in an industry – gum Arabic – in which Sudan is the largest producer. Thus far, Plaintiffs have received only a small fraction of the billions of dollars awarded to them by the Court largely as a result of Sudan's efforts to conceal its assets. With Sudan actively negotiating with the U.S. Department of State to remove its designation as a state sponsor of terrorism and to resolve its liability to the victims of the East African Embassy bombings for pennies on the dollar, Plaintiffs' need to identify Sudan's assets to satisfy their judgments is particularly critical.

## II.     ARGUMENT

Under the Federal Rules, a deposition by "telephone or other remote means" can be conducted where the parties "may stipulate" or "the court may on motion order" such deposition. Fed. R. Civ. P. 30(b)(4).  The Advisory Committee Notes underscore that this provision "authorize[d] the taking of deposition not only by telephone but also by other electronic means, such as satellite television, when agreed to by the parties or authorized by the court." Fed R. Civ. P. 30, Note on 1993 Amendment.  Similarly, the Federal Civil Rules Handbook states that "[g]enerally, leave to take depositions by remote means will be granted liberally." Federal Civil Rules Handbook at 855 (2020).  Upon information and belief, litigants in this district and around the country have, by stipulation, been regularly using technology to conduct depositions remotely over the last few months.  Courts have also observed that remote depositions are an effective way to address ongoing litigation needs during the current pandemic and, accordingly, have entered orders requiring that depositions occur remotely.  *See, e.g., Sinceno v. Riverside Church in City of New York,* 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (ordering that all depositions in case should occur by remote means in light of COVID-19 pandemic); *SAPS, LLC v. EZCare Clinic, Inc.*, No. 19-11229, 2020 WL 1923146, at *2 (E.D. La. Apr. 21, 2020) ("This court will not require parties to appear in person with one another in the midst of the present pandemic. Nor is it feasible to delay the depositions until some unknown time in the future."). *Velicer v. Falconhead Capital, LLC*, No. C19-1505-JLR, 2020 WL 1847773, at *2 (W.D. Wash. Apr. 13, 2020) ("Although the court understands the parties' preference for taking depositions in person, given the present circumstances, the court urges the parties to consider available alternatives.") (citing Fed. R. Civ. P. 30(b)(4)); *Thomas v. Wallace, Rush, Schmidt, Inc.*, No. 16-572-BAJ-RLB, 2020 WL 3247380,

at *2 (Mar. 18, 2020) (ordering deposition to occur by remote means given plaintiffs' economic situation and current pandemic).

Like the parties in those cases, Plaintiffs and TIC Gums are able to complete the scheduled deposition with full effect remotely and should have been able to do so by agreement. Unfortunately, TIC Gums has been—for unclear reasons— unwilling to do so. Following the reasoning applied by other Courts, Plaintiffs respectfully request that this Court enter an order requiring a representative of TIC Gums to appear.

### III. CONCLUSION

For the aforementioned reasons, the Court should enter the proposed attached order compelling a representative of TIC Gums to appear for a Rule 69 deposition either in person or remotely no later than September 30, 2020.

    Respectfully submitted,

    /s/ Michael J. Miller
    Michael J. Miller, Esq.  (No. 397689)
    THE MILLER FIRM, LLC
    108 Railroad Avenue
    Orange, VA 22960
    Tel: (540) 672-4224
    Fax: (540) 672-3055

    Gavriel Mairone, Esq. (No. 6181698)
    MMLAW LLC
    980 North Michigan Ave., Suite 1400
    Chicago, IL 60611
    Telephone: 312.253.7444

    Steven R. Perles (No. 326975)
    Edward B. MacAllister (No. 494558)
    Perles Law Firm, PC
    1050 Connecticut Avenue, N.W., Suite 500
    Washington, DC  20036
    Tel: 202-955-9055

    *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August 2020, a true and correct copy of the foregoing Plaintiffs' Motion to Compel Deposition of Third Party TIC Gums, Inc. by Remote Means Pursuant to Federal Rules 69 and 30(b) was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record and a hard copy was sent to the following:

Richard Oparil
Arnall Golden Gregory LLP
1775 New Pennsylvania Avenue NW
Washington, DC 20006

*Counsel for TIC Gums, Inc.*

/s/ Michael J. Miller
Michael J. Miller